UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ARCS & ANGLES, INC. and
ZAHNER DESIGN GROUP LTD.,

                      Plaintiffs,        **COMPLAINT**

    -against-                      **JURY TRIAL DEMANDED**

AIM-CO. INC.,

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Plaintiffs, Arcs & Angles, Inc. ("A/A") and Zahner Design Group Ltd. ("ZDG"), by their attorney, Peter M. Levine, for their Complaint, states:

### THE PARTIES

        1.      Plaintiff A/A is a corporation organized and existing under the laws of the State of New York with its principal place of business at 174 Hudson Street, New York, New York 10013.

        2.      Plaintiff ZDG is a corporation organized and existing under the laws of the State of New York with its principal place of business at 174 Hudson Street, New York, New York 10013.

        3.      Upon information and belief, defendant Aim-Co. Inc. is a corporation organized and existing under the laws of the State of Florida with its principal place of business at 2220 Corporate Square Boulevard, Jacksonville, Florida 32216.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of the claims brought under the Patents Law of the United States, 35 U.S.C. § 101, *et seq.*, by virtue of 35 U.S.C. §281, 28 U.S.C. § 1331, and 28 U.S.C. § 1338 (a).

5. This Court has supplemental jurisdiction over the claim for unfair competition by virtue of 28 U.S.C. § 1338 (b), inasmuch as this claim is related to or forms part of the claims brought under the Patents Law of the United States.

6. This Court has jurisdiction over the person of the defendant by virtue of section 301 of the New York Civil Practice Law & Rules, because, upon information and belief, defendant is doing, or has done for relevant periods of time, business in the State of New York.

7. This Court has jurisdiction over the person of the defendant by virtue of section 302 of the CPLR, because, upon information and belief, defendant:

(a) transacted business in the State of New York, and plaintiffs' claims arose out of that transaction of business; or

(b) committed tortious acts within the State of New York, and plaintiffs' claims arose out of those tortious acts; or

(c) committed tortious acts outside the State of New York causing injury to plaintiffs within the State, and defendant at all times relevant (i) regularly did or solicited business or derived substantial revenue from goods used or consumed or services rendered in the State of New York or (ii) expected or should reasonably have expected the acts to have consequences in the State of New York and derives substantial revenue from interstate or international commerce, and plaintiff's claims arose out of those tortious acts.

8. Venue is proper in this District by virtue of 28 U.S.C.§§ 1391 and 1400.

## OPERATIVE FACTS

9. Plaintiff ZDG is the owner of United States Patent No. 6,494,248 (the "248 Patent") issued December 17, 2002 for hanging products, including shower curtains.

10. Plaintiff ZDG is also the owner of United States Patent No. 6,935,402 (the "402 Patent") issued August 30, 2005 for hanging products, including shower curtains.

11. Plaintiff ZDG is also the owner of United States Patent No. 7,296,609 (the "609 Patent") issued November 20, 2007 for hanging products, including shower curtains (with the 248 Patent and the 402 Patent, collectively the "Patents").

12. Plaintiff A/A sells products covered by the Patents pursuant to an exclusive worldwide license from plaintiff ZDG.

13. Defendant has engaged in the following activities without plaintiffs' authorization:

(a) upon information and belief, manufacturing in the United States shower curtains embodying the claims covered by the Patents;

(b) importing, using, selling, and offering to sell within the United States shower curtains embodying the claims covered by the Patents; and/or

(c) actively inducing others to use and sell shower curtains embodying the claims covered by the Patents.

## FIRST CLAIM
### (Infringement of the 248 Patent)

14. All prior averments are repeated.

15. Defendant has been and now is infringing the 248 Patent.

16. Defendant's infringement has been wilful.

17. Defendant's infringing conduct has greatly and irreparably damaged plaintiffs and will continue to do so unless enjoined.

18. Plaintiffs have no adequate remedy at law.

## SECOND CLAIM
### (Infringement of the 402 Patent)

19. All prior averments are repeated.

20. Defendant has been and now is infringing the 402 Patent.

21. Defendant's infringement has been wilful.

22. Defendant's infringing conduct has greatly and irreparably damaged plaintiffs and will continue to do so unless enjoined.

23. Plaintiffs have no adequate remedy at law.

## THIRD CLAIM
### (Infringement of the 609 Patent)

24. All prior averments are repeated.

25. Defendant has been and now is infringing the 609 Patent.

26. Defendant's infringement has been wilful.

27. Defendant's infringing conduct has greatly and irreparably damaged plaintiffs and will continue to do so unless enjoined.

28. Plaintiffs have no adequate remedy at law.

## FOURTH CLAIM
### (Unfair Competition)

29. All prior averments are repeated.

30. Defendant's acts constitute unfair competition in violation of the common law of the State of New York.

31. Defendant's acts will continue, unless enjoined by this Court, to unjustly enrich defendant and to substantially damage plaintiffs' reputation, goodwill, and valuable property rights in the Patents.

32. Plaintiffs have no adequate remedy at law.

WHEREFORE, plaintiffs demand judgment against defendant as follows:

A. *on each of the First, Second, and Third Claims,*

    (1) enjoining defendant from importing, manufacturing, assembling, displaying, offering for sale, or selling any products embodying the claims covered by the Patents;

    (2) directing defendant to deliver up all infringing products in its possession or under its control,

    (3) directing defendant to deliver up all catalogues, advertisements, and other materials displaying any product embodying the claims covered by the Patents,

    (4) directing defendant to deliver up for impoundment during the pendency of this action, and for destruction thereafter, all molds and master models, used for making the infringing products;

    (5) directing defendant to account to plaintiffs for any and all profits

     derived by defendant and all damages sustained by plaintiffs by reason of defendant's acts of infringement,

  (6) awarding to plaintiffs compensatory damages in the sum of (i) a reasonable royalty for the use made by defendant of the Patents, plus (ii) defendant's total profit from the sale of any product embodying any claim covered by the Patents, with interest thereon, plus (iii) all damages sustained by plaintiffs as a consequence of defendant's infringement of the Patents, all with interest thereon;

  (7) awarding to plaintiff treble damages pursuant to 35 U.S.C. §284 because of the knowing and willful conduct of defendant;

D. *on the Fourth Claim,*

  (1) enjoining defendant from importing, manufacturing, assembling, displaying, offering for sale, or selling any products embodying the claims covered by the Patents;

  (2) directing defendant to deliver up all infringing products in its possession or under its control,

  (3) directing defendant to deliver up all catalogues, advertisements, and other materials displaying any product embodying the claims covered by the Patents,

  (4) directing defendant to deliver up for impoundment during the pendency of this action, and for destruction thereafter, all molds and master models, used for making the infringing products;

  (5) directing defendant to account to plaintiffs for any and all profits

derived by defendant and all damages sustained by plaintiffs by reason of defendant's acts of infringement;

(6) awarding to plaintiffs compensatory damages in the sum of (i) a reasonable royalty for the use made by defendant of the Patents, plus (ii) defendant's total profit from the sale of any product embodying any claim covered by the Patents, with interest thereon, plus (iii) all damages sustained by plaintiffs as a consequence of defendant's infringement of the Patents, all with interest thereon;

E. *on each Claim*, awarding to plaintiffs their costs and disbursements of this action, including reasonable counsel fees, because of the deliberate and willful nature of the infringing activities of defendant sought to be enjoined hereby, which make this an exceptional case warranting such award; and,

F. *on each Claim*, granting to plaintiffs such other, further and different relief as the Court may deem just and proper.

## JURY DEMAND

PLEASE TAKE NOTICE that plaintiffs demand a trial by jury on all issues.

Dated: New York, New York
January 23, 2008

PETER M. LEVINE (PML -7630)
Attorney for Plaintiff
488 Madison Avenue, 19th Floor
New York, New York 10022
212-599-0009